J-S18023-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MERTCAN LOGAN VARDAR | : | |
| | : | |
| Appellant | : | No. 1211 WDA 2024 |

Appeal from the Judgment of Sentence Entered September 6, 2024
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001721-2024

BEFORE:   DUBOW, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED: July 29, 2025**

Appellant Mertcan Logan Vardar appeals from the judgment of sentence imposed following his negotiated guilty plea to ethnic intimidation and simple assault.[1]  Appellant's current counsel (Counsel) has filed a petition to withdraw and an ***Anders***/***Santiago***[2] brief.  After review, we grant Counsel's petition to withdraw and affirm the judgment of sentence.

Briefly, the record reflects that on September 6, 2024, Appellant entered a negotiated guilty plea to one count each of ethnic intimidation and simple assault.  ***See*** N.T., Guilty Plea & Sentencing Hr'g, 9/6/24, at 2-4.  Appellant

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2710(a) and 2701(a)(3), respectively.

[2] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

stipulated that the affidavit of probable cause established a factual basis for his guilty plea. *See id.* at 4.

According to the affidavit of probable cause, on August 5, 2024, officers from the Logan Township Police Department responded to a call regarding a disturbance on the 600 block of Rutgers Lane in Altoona, Pennsylvania. *See* Aff. of Probable Cause, 8/5/24, at 1. Appellant's neighbor, Heaven Brown, informed the officers that while she was standing in the street with her child, she saw Appellant standing in a second-floor window of his home holding a firearm. *See id.* Brown saw Appellant mouth the words "I'm going to f---ing kill you n----r." *Id.* Brown further explained that on the previous day, Appellant had told her that he "was going to scatter her brains all over the road[.]" *Id.* Appellant admitted to the officers that he had hunting rifles in his home. *See id.*

Pursuant to the negotiated plea agreement, the trial court imposed an aggregate term of one month to twenty-four months less one day of incarceration. Appellant did not file any post-sentence motions but filed a timely notice of appeal.

Counsel subsequently filed a notice of intent to file an *Anders*/*Santiago* brief pursuant to Pa.R.A.P. 1925(c)(4). The trial court issued a letter explaining that because Counsel intended to file an *Anders*/*Santiago* brief, the trial court would not be issuing an opinion and would instead rely on the record. *See* Trial Ct. Ltr., 10/29/24.

Counsel identified the following issue for our review:

Whether counsel should be permitted to withdraw because [] a review of the record shows that this appeal is frivolous.

**Anders**/**Santiago** Brief at 4 (some formatting altered).

"When faced with a purported **Anders**[/**Santiago**] brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant that he has the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). In an **Anders**/**Santiago** brief, counsel must set forth the issues that the defendant wishes to raise and any other claims necessary to effectuate appellate presentation of those issues. **Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa. Super. 2005).

Additionally, counsel must file a brief that meets the requirements established in **Santiago**, namely:

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth

counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Goodwin*, 928 A.2d at 291 (citation omitted). This includes "an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citation and footnote omitted); *accord Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Here, Counsel has complied with the procedural requirements for seeking withdrawal by filing a petition to withdraw, sending Appellant a letter notifying Appellant of his intent to withdraw, explaining his appellate rights, informing Appellant of his right to proceed *pro se* or with private counsel, and supplying Appellant with a copy of the *Anders*/*Santiago* brief. *See Goodwin*, 928 A.2d at 290. Counsel also provided this Court with a copy of his letter to Appellant informing him of his rights. Moreover, Counsel's *Anders*/*Santiago* brief complies with the requirements of *Santiago*. Counsel includes a summary of the relevant factual and procedural history, refers to the portions of the record that could arguably support Appellant's

claim, and sets forth the conclusion that the appeal is frivolous. *See Santiago*, 978 A.2d at 361. Accordingly, we conclude that Counsel has met the technical requirements of *Anders* and *Santiago*, and we will proceed to address the issue presented in Counsel's *Anders*/*Santiago* brief.

The sole issue that Appellant wished to raise on appeal is Appellant's claim that Counsel was ineffective at the guilty plea hearing. *Anders*/*Santiago* Brief at 6; *see also* Pet. to Withdraw at 1. Counsel explains that this appeal is frivolous because Appellant cannot establish the manifest injustice necessary to withdraw his guilty plea. *Anders*/*Santiago* Brief at 7.

Our Supreme Court has explained that "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review[]" pursuant to the Post Conviction Relief Act[3] (PCRA). *Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002). Our Supreme Court has recognized three exceptions to this general rule. *See Commonwealth v. Holmes*, 79 A.3d 562, 577-80 (Pa. 2013); *Commonwealth v. Delgros*, 183 A.3d 352, 361 (Pa. 2018). The first exception applies to extraordinary circumstances, when a "trial court, in the exercise of its discretion, determines that a claim [] of ineffectiveness is both meritorious and apparent from the record so that immediate consideration and relief is warranted." *Holmes*, 79 A.3d at 577. The second exception

_____

[3] 42 Pa.C.S. §§ 9541-9546.

addresses "multiple and fairly common ineffectiveness claims," which are accompanied by the defendant's "knowing, voluntary, and express waiver of PCRA review." *Id.* at 577-78, 580. The third exception requires "trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." *Delgros*, 183 A.3d at 361.

To qualify for any of these exceptions, an appellant must first raise his ineffectiveness claims before the trial court, as the trial court must have an opportunity to review such a claim, and the parties must have an opportunity to fully develop the record. *See Delgros*, 183 A.3d at 360-62; *Holmes*, 79 A.3d at 576; *see also Commonwealth v. Bomar*, 826 A.2d 831, 854-55 (Pa. 2003) (recognizing an exception allowing ineffective assistance of counsel claims to be heard on direct appeal where "the claims have been raised and fully developed at a hearing in the trial court," and cautioning that lack of a trial court opinion addressing such a claim "poses a 'substantial impediment to meaningful and effective appellate review'" and "oblige[s] the appellate courts to consider matters not of record, a function that appellate courts normally do not perform[,]" *i.e.*, "to engage in fact-finding in the form of speculation concerning the strategy counsel pursued at trial, a function that [appellate courts] were ill-suited to assume" (citation omitted)).

Here, Appellant did not file any post-sentence motions raising either of the exceptions that our Supreme Court recognized in *Holmes*. *See Holmes*, 79 A.3d at 563-64, 577-80. Further, Appellant did not expressly waive his

right to PCRA review. *See id.* at 564, 580. Lastly, Appellant is not statutorily barred from seeking PCRA relief. *Cf. Delgros*, 183 A.3d at 361 (concluding that the defendant was statutorily precluded from seeking review under the PCRA because he had only been sentenced to pay a fine). For these reasons, we conclude that none of the exceptions apply, and Appellant's ineffectiveness claim cannot be considered on direct appeal. *See Grant*, 813 A.2d at 738. Accordingly, we dismiss Appellant's claim of ineffective assistance of counsel without prejudice to Appellant's right to raise it in a timely petition under the PCRA.

Additionally, our independent review of the record does not reveal any additional, non-frivolous issues. *See Flowers*, 113 A.3d at 1250; *see also Goodwin*, 928 A.2d at 291. Accordingly, we grant Counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Counsel's petition to withdraw granted. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

7/29/2025